J-S48045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT A. JACKSON | : | |
| | : | |
| Appellant | : | No. 2366 EDA 2017 |

Appeal from the PCRA Order June 30, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.:  CP-51-CR-0003306-2012
MC-51-CR-0008222-2012

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                        **FILED OCTOBER 10, 2018**

Appellant, Robert A. Jackson, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We derive the following relevant facts and procedural history from the PCRA court's October 12, 2017 opinion and our independent review of the certified record.  On December 5, 2013, following a bench trial, the trial court found Appellant guilty of aggravated assault, simple assault, and resisting arrest.  Appellant's conviction stems from his biting of a police officer's hand as she attempted to arrest him during a vehicle stop.  On February 18, 2014, the trial court sentenced Appellant to a term of not less than one and one-half nor more than four years' incarceration.  This Court dismissed his direct appeal on November 12, 2015, for his failure to develop his claims sufficiently.  (**See**

_____
*   Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Jackson*, 2015 WL 7078347, at *3 (Pa. Super. filed Nov. 12, 2015) (unpublished memorandum)). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 9, 2016, Appellant filed a timely PCRA petition. Appointed counsel petitioned to withdraw and filed a *Turner*/*Finley*[1] no merit letter on March 30, 2017. The PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing on May 5, 2017, *see* Pa.R.Crim.P. 907(1), and entered its order dismissing the petition and permitting counsel to withdraw on June 30, 2017. Appellant filed a timely notice of appeal.

On August 7, 2017, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal within twenty-one days. *See* Pa.R.A.P. 1925(b); (*see* Order, 8/07/17). Despite this directive, Appellant did not file a Rule 1925(b) statement. The PCRA court entered an opinion on October 12, 2017. *See* Pa.R.A.P. 1925(a).

Among other defects, Appellant's appellate brief fails to include a statement of the questions involved. *See* Pa.R.A.P. 2116(a); (Appellant's Brief, at unnumbered pages 1-7). From what we are able to discern, Appellant challenges the credibility of the police officers' testimony regarding the assault at trial, which he claims was fabricated, and maintains that he remained

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

cooperative during the incident. (*See* Appellant's Brief, at unnumbered pages 1-7).

We begin by noting, "[w]hen reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

At the outset, we address the consequence of Appellant's failure to file the court-ordered Rule 1925(b) statement. It is well-settled that an appellant's failure to comply with a Rule 1925(b) order results in waiver of all issues on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). ***In Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." ***Id.*** at 309; ***see also Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (reaffirming principle stated in ***Lord*** that: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file

a Statement of Matters Complained of on Appeal[.]) (emphasis omitted).[2]

Accordingly, Appellant's failure to file a Rule 1925(b) statement waives all claims.[3]  Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18

---

[2] We note that Pa.R.A.P. 1925(c)(3), which provides for remand where a **counseled** appellant in a criminal case fails to file a Rule 1925(b) statement, is not applicable in this matter.  **See** Pa.R.A.P. 1925(c)(3) (relating to *per se* ineffective assistance of counsel).

[3] Moreover, the argument section of Appellant's brief is rambling, nearly incomprehensible, and unsupported by cogent discussion of pertinent legal authority.  (**See** Appellant's Brief, at unnumbered pages 3-5); Pa.R.A.P. 2119, 2101.  Appellant's arguments are therefore waived on this basis as well. Furthermore, Appellant's claim regarding the police officers' allegedly falsified testimony and the credibility of his version of events amounts to a challenge to the weight of the evidence, which is not cognizable under the PCRA.  **See** 42 Pa.C.S.A. § 9543(a)(2).