J-S38042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAHEIM STARKS | : | |
| | : | |
| Appellant | : | No. 3152 EDA 2018 |

Appeal from the PCRA Order Entered October 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1205751-2005

BEFORE:  OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 23, 2019**

Appellant, Maheim Starks, appeals from the order of the Court of Common Pleas of Philadelphia County that dismissed his third petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing.  We affirm.

On May 23, 2007, a jury convicted Appellant of three counts of first-degree murder, four counts of aggravated assault, and one count each of arson and conspiracy[2] for fire-bombing a house occupied by a woman and her six children, killing three of the children.  On July 25, 2007, Appellant was sentenced to three consecutive sentences of life imprisonment without parole.  Appellant timely filed a direct appeal, and on January 8, 2009, this Court

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 2502(a), 2702, 3301, and 903, respectively.

*   Retired Senior Judge assigned to the Superior Court.

affirmed the judgment of sentence. ***Commonwealth v. Starks***, 968 A.2d 797 (Pa. Super. 2009) (unpublished memorandum). Appellant did not seek allowance of appeal in the Supreme Court of Pennsylvania. Appellant filed a timely unsuccessful first PCRA petition on July 10, 2009 and a second unsuccessful PCRA petition on August 7, 2013.

On March 30, 2017, Appellant filed the instant, counseled third PCRA petition asserting claims of after-discovered evidence and ineffectiveness of his trial counsel and prior appellate and PCRA counsel. The bases for Appellant's claims for relief in this PCRA petition consisted of an exculpatory statement of Tijuana Starks, his wife, who was not called as a witness at trial, an exculpatory statement of Tysheia Harper, one of the participants in the crime, recanting her prior testimony against Appellant, and trial counsel's failure to obtain and review a surveillance videotape. Third PCRA Petition ¶9 & Exs. A, B, and C. The Commonwealth moved to dismiss this PCRA petition as untimely. On August 22, 2018, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. On October 9, 2018, the PCRA court granted the Commonwealth's motion and dismissed Appellant's PCRA petition as untimely. Appellant timely appealed this order to this Court.[3]

---

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. The PCRA court filed its opinion on October 31, 2018.

In this appeal, Appellant presents the following question for this Court's review:

Did the PCRA court err in not granting an evidentiary hearing?

Appellant's Brief at 6 (unnecessary capitalization omitted). We conclude that the PCRA court properly dismissed Appellant's PCRA petition without a hearing because it was untimely.

The question of whether a PCRA petition is timely is a question of law over which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018); ***Commonwealth v. Woods***, 179 A.3d 37, 42 (Pa. Super. 2017). The PCRA's time limit is mandatory and jurisdictional, and a court may not ignore it and reach the merits of the petition, even where the convicted defendant claims that his sentence is illegal. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Pew***, 189 A.3d at 488; ***Woods***, 179 A.3d at 42.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

In addition, the convicted defendant must show that he filed the PCRA petition within the time limit for these exceptions set by Section 9545(b)(2) of the PCRA. **Commonwealth v. Lee**, 206 A.3d 1, 6 (Pa. Super. 2019) (*en banc*); **Commonwealth v. Sanchez**, 204 A.3d 524, 526-27 (Pa. Super. 2019). At the time that Appellant filed this PCRA petition on March 30, 2017, Section 9545(b)(2) required that a PCRA petition invoking an exception "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (in effect January 16, 1996 to December 23, 2018).[4] Accordingly, the PCRA petition can be timely only if Appellant has shown that the grounds on which he seeks relief could not have been asserted before January 29, 2017, despite the exercise of diligence. **Sanchez**, 204 A.3d at

---

[4] Section 9545(b)(2) has subsequently been amended to provide that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. This amendment has no applicability here, however, as it applies only to claims arising on or after December 24, 2017, Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4, and Appellant's third PCRA petition was filed before that date.

526-27; *Pew*, 189 A.3d at 489-90; *Commonwealth v. Perrin*, 947 A.2d 1284, 1286-87 (Pa. Super. 2008).

Appellant's judgment of sentence became final on Monday, February 9, 2009, upon the expiration of the thirty-day period within which to file a petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. His time limit for filing any PCRA petition was therefore February 9, 2010. The instant PCRA petition, filed more than seven years beyond that deadline, is patently untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii).

The only exception asserted by Appellant is the exception for newly discovered facts under Section 9545(b)(1)(ii). Third PCRA Petition ¶14 (asserting that exception to Section 9545(b)(1)'s time bar applies because "the claim is based upon evidence that was unknown to the Petitioner prior to the expiration of the one year time limit"); Response to Commonwealth's Motion to Dismiss at 2 (same). Appellant cannot satisfy this exception because he did not and cannot show that any of the three alleged newly discovered facts on which he bases this PCRA petition were unknown to him before January 29, 2017 or that he could not have asserted those claims years earlier.

The first fact asserted in Appellant's third PCRA petition was a statement by Tijuana Starks that Appellant was with her at her apartment at the time when the crime was committed. Third PCRA Petition ¶9(a) & Ex. A. While the

statement attached to the PCRA petition is dated January 30, 2017, within 60 days before the petition was filed, it is clear from the statement that Tijuana Starks gave Appellant this alibi information at the time of his trial in 2007 and was available and willing to testify at his trial. Ms. Starks states that she knew at the time of Appellant's trial that she was "an alibi witness," that Appellant "gave his attorney my information," and that she attended two days of Appellant's trial and was willing to testify. Third PCRA Petition Ex. A at 1, 3. Indeed, Appellant would necessarily have known at the time of his trial whether or not he was with Tijuana Starks at the time of the crime, as where he was is a matter within his personal knowledge. Because it was clear from the face of the third PCRA petition that the facts provided by Tijuana Starks and her identity and availability as a witness were known to Appellant at the time of his trial and Appellant did not assert any reason why he could not have introduced this evidence at trial or raised counsel's failure to do so in a timely PCRA petition, this claim was properly dismissed as untimely by the PCRA court without a hearing. *Sanchez*, 204 A.3d at 526-27; *Pew*, 189 A.3d at 489-90; *Perrin*, 947 A.2d at 1286-87.

The other two claims in Appellant's third PCRA petition are likewise time-barred on their face, as the record shows that they were both known to and raised by Appellant years earlier. The statement of Tysheia Harper is dated June 27, 2013, over three years before Appellant filed the third PCRA petition, and was known to Appellant by August 2013, as he attached it as an exhibit

- 6 -

to his second PCRA petition filed on August 7, 2013. Third PCRA Petition ¶11(c) & Ex. B; Second PCRA Petition at 3 & Ex. A. The videotape and trial counsel's failure to obtain it were known to Appellant by July 2009, over seven years before the third PCRA petition and within the PCRA's one-year time limit, as he raised this issue in his timely first PCRA petition filed July 10, 2009. First PCRA Petition ¶12(a)(3).

Because Appellant did not allege any basis on which he could satisfy an exception to the PCRA's one-year time limit, the PCRA court properly dismissed his PCRA petition as untimely without a hearing. Accordingly, we affirm the PCRA court's order dismissing Appellant's third PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/23/2019*