J-A28043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| REGINALD GREGG | : | |
| | : | |
| Appellant | : | No. 857 EDA 2019 |

Appeal from the PCRA Order Entered March 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1203321-2001

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 09, 2019**

Appellant Reginald Gregg appeals from the Order entered in the Court of Common Pleas of Philadelphia County on March 8, 2019, denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 1996, Appellant shot his ex-girlfriend in her home, leaving her permanently disabled from her injuries.   As Appellant left the home, he fired shots at the victim's brother.  Appellant missed his intended target and hit another woman who died before she reached the hospital.  After learning the next day that police were looking for him, Appellant fled to Washington, D.C. where he remained a fugitive for the next four and one half years.  Appellant ultimately was apprehended, and on February 25, 2004, he entered a

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

negotiated guilty plea to murder; in exchange, the Commonwealth agreed not to seek the death penalty.

The trial court set forth the resultant procedural history as follows:

On February 26, 2004, following a degree of guilt hearing[1] before this court, [Appellant] was convicted of murder of the first degree (H-1), two counts of aggravated assault (F-1), and possessing instruments of crime (PIC)(M-1).[2] On that same date, this [c]ourt sentenced [Appellant] to the mandatory term[3] of life imprisonment.[4] On March 3, 2004, [Appellant] filed *pro se* post - sentence motions,[5] which were denied on June 11, 2004. On June 22, 2004, [Appellant] filed a timely notice of appeal. On March 16, 2005, Superior Court affirmed [Appellant's] judgment of sentence and, on July 26, 2005, our Supreme Court denied [Appellant's] petition for allowance of appeal.[6]

On July 18, 2006, [Appellant] filed a timely PCRA petition *pro se*. Counsel was appointed[7] and, on April 17, 2007, filed a Finley[8] letter. After reviewing the pleadings and conducting an independent review of the record, on May 2, 2007, this [c]ourt sent [Appellant] notice of its intent to deny and dismiss [Appellant's] petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). On May 23, 2007, [Appellant] filed a response to this [c]ourt's 907 Notice. Nevertheless, consistent with its 907 Notice, on July 13, 2007, this [c]ourt denied and dismissed [Appellant's] PCRA petition and permitted Mr. Kauffman to withdraw as counsel. On August 18, 2008, Superior Court affirmed this [c]ourt's denial and dismissal of [Appellant's] petition and, on April 28, 2009, our Supreme Court denied [Appellant's] petition for allowance of appeal.[9]

On August 20, 2012, [Appellant] filed a second PCRA petition, which was untimely. After reviewing the pleadings, on August 18, 2014, this [c]ourt sent [Appellant] a 907 Notice.[10] On September 4, 2014, [Appellant] responded to this [c]ourt's 907 Notice. However, as this response did not help [Appellant] satisfy the timeliness requirements of the PCRA, consistent with its 907 Notice, on October 3, 2014, this [c]ourt denied and dismissed [Appellant's] PCRA petition as untimely. [Appellant] did not file an appeal.

[Appellant] filed a third, also untimely, PCRA petition on October 20, 2014. After reviewing the pleadings, this [c]ourt sent [Appellant] a 907 Notice on February 10, 2015. Consistent with

its 907 Notice, on March 13, 2015, this [c]ourt denied and dismissed [Appellant's] PCRA petition as untimely. [Appellant] did not file an appeal.

On March 20, 2015, [Appellant] filed his fourth PCRA petition, which was also untimely. On May 27, 2015, after reviewing the pleadings, this [c]ourt sent [Appellant] a 907 Notice. On June 11, 2015, [Appellant] responded to this [c]ourt's 907 Notice. Nevertheless, consistent with its 907 Notice, on July 2, 2015, this [c]ourt denied and dismissed [Appellant's] PCRA petition as untimely. Petitioner did not file an appeal.

On June 15, 2018, [Appellant] filed the instant untimely PCRA petition. On December 6, 2018, the Commonwealth filed a motion to dismiss the instant petition as untimely. Having reviewed the pleadings, this [c]ourt sent [Appellant] a 907 Notice on January 18, 2019, indicating the [c]ourt's intention to dismiss [Appellant's] petition as untimely. On January 31, 2019, [Appellant] filed a response to this [c]ourt's 907 Notice. However, as this response failed to help [Appellant] satisfy the timeliness requirements of the PCRA, this [c]ourt dismissed [Appellant's] PCRA petition on February 8, 2019. This timely appeal followed.

---

[1] *See* Pa.R.Crim.P. 590(c). At his degree of guilt hearing, [Appellant] was represented by James S. Bruno, Esquire.

[2] 18 Pa.C.S. §§ 2502(a), 2702, and 907(a), respectively.

[3] 18 Pa.C.S. §§ 1102(a).

[4] As to [Appellant's] conviction for the aggravated assault of Dawn Williams, this [c]ourt sentenced [Appellant] to a concurrent term of not less than five years nor more than ten years['] confinement As to petitioner's conviction for the aggravated assault of Franklin Williams, this [c]ourt sentenced [Appellant] to a concurrent term of not less than two years nor more than ten years['] confinement. As to [Appellant's] conviction for PIC, this [c]ourt sentenced [Appellant] to a concurrent term of not less than one year nor more than five years['] confinement. Notes of Testimony (N.T.) 2/26/04 at 96-97.

[5] On March 29, 2019, J. Scott O'Keefe, Esquire, was appointed as counsel for [Appellant's] post-sentence motions and appeal.

[6] Commonwealth v. Gregg, No. 1846 EDA 2004, slip, op. (Pa.Super., Mar. 16, 2005), *allocatur denied* No. 200 EAL 2005, slip op. (Pa., July 26, 2005).

[7] Earl Kauffman, Esquire, was appointed to represent [Appellant] in his first collateral attack.

[8] Commonwealth v. Finley, 550 A.2d 231 (Pa.Super. 1988).

[9]Commonwealth v. Gregg, No. 1957 EDA 2007, slip op. (Pa.Super., Aug. 18, 2008), *allocatur denied* No. 630 EAL 2008, slip pol. (Pa., Apr. 28, 2009).
[10] [Appellant's] second PCRA petition, filed on August 28, 2012, was not forwarded by the Post-Trial Unit of the First Judicial District to this Court until May 7, 2014.

Trial Court Opinion, filed 6/3/19, at 1-3.

Instantly, Appellant presents the following "Statement of Questions Involved," which we set forth verbatim:

1.) Did the PCRA [c]ourt error denying Appellant's "timely" [filed] PCRA Petition in light of the United States Supreme Court's "NEW" ruling pursuant to SEE: [McCoy V. Louisiana; 138 S.Ct. 1500 (2018)], where Appellant "HAD" met the PCRA Statute for [filing] a Subsequent PCRA Petition pursuant to, SEE: [42 Pa.C.S. § 9545(b)(1)(i) & (iii)]["meeting the exceptional requirements for [filing] a "timely" Subsequent PCRA within (60)-days of it's discovery"]?

2.) Did the PCRA Court error where Appellant met the PCRA Statutory Provisions for [filing] a "timely" Subsequent PCRA Petition where Appellant presented "NEWLY/AFTER" discovered evidence, pursuant to, SEE: [McCoy V. Louisiana; 138 S.Ct. 1500 (2018)], where the United States Supreme Court held as in Mr. Gregg's case that, "[D]efence counsel may "NOT" concede "guilt" over the client unambigous objection---[t]he Court held that counsel's decision to concede "guilt" was a "Structural error" warranting a "NEW" Trial---because such admission blocked Appellant's right to make fundamental choices of his own accord"; thus, Appellant was entitled to an evidentiary hearing and thereof a "VACATION" of conviction where the "NEWLY/AFTER" discovered evidence had (est)ablished Appellant suffered Constitutional errors of his Sixth and Fourteenth Amendment right's?

Appellant's Brief at 4.

Before we address Appellant's issues, we first must consider whether the PCRA court correctly determined that his instant PCRA petition was

untimely. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa.Super. 2013) (citations omitted) *reargument denied* October 1, 2013.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date upon which the judgment of sentence became final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. Sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

invoking one of these statutory exceptions must be filed within sixty days of the date upon which the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2)[3] *See also Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa.Super. 2013). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa.Super. 2016).

This Court and the PCRA court have held that Appellant's previous PCRA petitions either lacked merit or were untimely. Clearly, the instant petition, filed nearly thirteen years after Appellant's judgment of sentence became final, is facially untimely.[4] Therefore, to be entitled to relief, he must have pled and proven an exception to the PCRA time bar.

_____

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. *See* Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

[4] Appellant's judgment of sentence became final on or about October 26, 2005, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b))(3); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa.Super. 2013) (stating that where a defendant does not seek review in the United States Supreme Court, his or her judgment of sentence is final ninety days after the Pennsylvania Supreme Court denied his or her petition for allowance of appeal).

Initially, we could deem the issues Appellant presents for our review waived based upon his defective appellate brief which is comprised of rambling and often incoherent statements. *See Commonwealth v. Pew*, 189 A.3d 486, 489 (Pa.Super. 2018), *appeal denied*, *stay denied*, 200 A.3d 939 (Pa. 2019). Notwithstanding, he essentially attempts to invoke the newly recognized constitutional right exception to the PCRA time-bar set forth in Section 9545(b)(1)(iii). Specifically, Appellant claims that he is entitled to relief in light of the United States Supreme Court's ruling in *McCoy v. Louisiana*. 130 S.Ct. 1500, 200 L.Ed.2d 821 (2018).

In *McCoy*, counsel for the defendant conceded during the guilt phase of a capital trial that his client had committed three murders, despite the defendant's strong objection to any admission of guilt. *Id.* at 1505. The *McCoy* Court held that criminal defendants have a Sixth Amendment right "to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id.* The Supreme Court further explained that counsel's admission of a client's guilt over the client's express objection is a structural error requiring a new trial. *Id.* at 1512.

Herein, as the PCRA court stated:

"[Appellant's] counsel did not admit [Appellant's] guilt to the fact finder at any time. [Appellant], not his counsel, chose to enter a plea of guilty generally and to then proceed to a degree of guilt hearing. N.T. 2/25/04 at 4-24. It was [Appellant], not his counsel, with whom this [c]ourt conducted a colloquy to determine if [Appellant's] waiver of a trial was knowing,

- 7 -

intelligent, and voluntary. Id. It was [Appellant] who testified that he, not his counsel, made the decision to enter a general plea of guilt. Id. at 20-21. It was [Appellant], not his counsel, whose colloquy this [c]ourt determined to be a knowing, intelligent, and voluntary waiver of his rights. As McCoy does not apply to the facts of [Appellant's] case, and is not retroactive, [Appellant] did not set forth a proper claim pursuant to § 9545(b)(1)(iii), and his claim failed.

Trial Court Opinion, filed 6/3/19, at 5-6.

As the trial court referenced, even assuming that **McCoy** announced a newly recognized constitutional right, Appellant has failed to establish that the **McCoy** decision applies retroactively on postconviction review. The Pennsylvania Supreme Court expressly has stated "that the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 502 (Pa. 2002).[5] Moreover, as this Court has explained:

> The seminal test in determining whether a constitutional rule warrants retroactive application during collateral review was delineated in **Teague v. Lane**, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality), which was subsequently adopted by a majority of the Supreme Court. **See Commonwealth v. Lesko**, 609 Pa. 128, 15 A.3d 345, 363 (2011) (citing **Butler v. McKellar**, 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990)). "Under the **Teague** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." **Whorton v.**

---

[5] The Supreme Court of the United States has made no such determination.

- 8 -

> **Bockting**, 549 U.S. 406, 416, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (internal citations omitted).
>
> While state courts are free to adopt more liberal standards in determining whether a decision is to be accorded full retroactivity, our Supreme Court has utilized the **Teague** test in examining retroactivity issues during state collateral review. . . .

**Commonwealth v. Riggle**, 119 A.3d 1058, 1065 (Pa.Super. 2015) (some citations omitted).

Accordingly, for all the foregoing reasons, we find the PCRA court properly dismissed Appellant's PCRA petition as untimely, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/19