J-S01028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINZELL MARSHALL | : | |
| | : | |
| Appellant | : | No. 444 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0336001-1985,
CP-51-CR-0336111-1985, CP-51-CR-0500391-1985.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED SEPTEMBER 22, 2020**

Quinzell Marshall appeals from the order that denied his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On December 13, 1985, a jury found [Marshall] guilty of three counts of Robbery, two counts of Rape, and one count of Involuntary Deviate Sexual Intercourse (IDSI).  The evidence adduced at trial showed that on several occasions, [Marshall] attacked women as they were entering their vehicles, beat and robbed them, and then, in two instances, raped them.  [Marshall] was 16 years old at the time of the offenses.  The [trial court] sentenced [Marshall] to 10 to 20 years on each count of each charge, to run consecutively with one another, for an aggregate term of 60 to 120 years

_____

[*] Retired Senior Judge assigned to the Superior Court.

[of] state incarceration. [Marshall] filed post sentence motions and appealed this judgment of sentence. The Superior Court affirmed on September 23, 1987.

On April 13, 2018, [Marshall], through his counsel at the Defenders Association, filed a "Motion for New Trial Based Upon After Discovered Evidence, Alternatively, for Post-Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus." As the trial [court] was no longer sitting, this matter was assigned to this Court on April 16, 2018. On November 14, 2018, the Commonwealth filed a "Response to Petition for Post-Conviction Relief," acknowledging that [Marshall's] petition must be denied pursuant to **Commonwealth v. Foust**, 180 A.3d 416 (Pa. Super. 2018).

On December 20, 2018 this Court sent [Marshall] a Notice of Intent to Dismiss Pursuant to [Pa.R.Crim.P.] 907. This was returned due to an incorrect address, and re-sent to the correct address on December 30, 2018. [Marshall] did not reply to the 907 Notice. On January 16, 2019, this Court dismissed [Marshall's] petition based on lack of merit.

PCRA Court Opinion, 5/10/19, at 1-2. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Marshall now raises the following issues:

Does a sentence of 60 to 120 years [of] incarceration constitute a *de facto* life sentence?

Does the fact that the 60-120 years [of] sentence was composed of six consecutive 10-20 years [of] sentences convert what would be an unconstitutional sentence into a constitutional one?

Marshall's Brief at 3.[1]

_____

[1] On November 11, 2019, this Court issued a rule to show cause why this appeal should not be quashed because Marshall filed a single notice of appeal listing three separate docket numbers. **See generally**, **Commonwealth v.**

Initially, we note that Marshall's filing, despite its alternative title, was properly treated as a PCRA petition. **See** 42 Pa.C.S.A. § 9542 (providing "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies"). This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (citations omitted).

Although Marshall challenges the legality of his sentence, this claim must still be raised in a timely PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). Thus, before

---

**Walker**, 185 A.3d 969 (Pa. 2018). In his response, Marshall's counsel attached evidence that three separate notices of appeal were e-filed within minutes of each other. Although Marshall included all three trial court docket numbers on his separate appeals, this fact no longer requires quashal. **See Commonwealth v. Johnson**, ____ A.3d ___, ___ (Pa. Super. 2020) (*en banc*), Slip Opinion at 12 (partially overruling **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), to the extent that **Creese** interpreted **Walker** as requiring Superior Court to quash appeals when appellant filed multiple notices of appeal and each notice lists all of the appealed from docket numbers). **See also Commonwealth v. Larkin**, ____ A.3d ___, ___ (Pa. Super. 2020), Slip Opinion at 3 (accord).

reaching the merits of Marshall's issues, we must first determine whether his PCRA petition was timely filed.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition invoking one of these statutory exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3] Asserted exceptions to

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Previously, the PCRA required that a petition invoking a timeliness exception be filed within sixty (60) days of the date the claim first could have been raised. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000). As of December 24, 2018, PCRA petitions invoking timeliness exceptions must be filed within one year of the date the claim first could have been presented.

the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, the trial court sentenced Marshall on March 14, 1986, and this Court affirmed his judgment of sentence on September 23, 1987. Because he did not file a petition for allowance of appeal, Marshall's sentence became final thirty days thereafter, or on October 23, 1987. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Because Marshall's petition over three decades later, on April 13, 2018, it is patently untimely unless Marshall has pled and proven and an exception to the PCRA's time bar.

Marshall has failed to plead and prove any exception to the PCRA's time bar. Indeed, Marshall's brief provides no timeliness analysis at all.[4] Instead, Marshall challenges the PCRA court's conclusion that his *de facto* life sentence

_____

Act 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. This amendment applies to claims arising on or after December 24, 2017. Marshall filed the instant petition on April 13, 2018, so the amendment applies to him.

[4] Recently, in **Commonwealth v. Nedab**, 195 A.2d 957 (Pa. Super. 2018), Nedab sought to overcome the PCRA's time bar by arguing the newly recognized constitutional right exception found at section 9545(b)(1)(iii), and relying on some of the same cases Marshall relies upon in this appeal, including **Foust**, **supra**. **See Nedab**, 195 A.3d at 961-62. Because Nedab did not cite any United States or Pennsylvania Supreme Court cases that have held the **Foust** holding applies retroactively, we rejected Nedab's arguments and concluded that his PCRA petition was time barred. **Id.** at 962. Although Marshall made this same argument in his petition, he does not repeat it in his brief.

claim is without merit based on this Court's decision in **Foust**, **supra**. **See** PCRA Court Opinion, 5/10/19, at 2-5.

Because Marshall's PCRA petition was untimely and no time-bar exceptions applies, this Court lacks jurisdiction to consider his claim. **See Commonwealth v. Pew**, 189 A.3d 486, 489 (Pa. Super. 2018) (reiterating that Pennsylvania courts are without jurisdiction to consider the merits of an untimely PCRA petition). On this basis, we must affirm the order of the PCRA court denying him post-conviction relief.

Order affirmed.

Judge Bowes joins this memorandum.

Judge Strassburger joins and files a concurring memorandum in which Judge Kunselman joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2020