OPINION BY STEVENS, P.J.E.:
Appellant Alfonso Percy Pew appeals pro se from the Order entered in the Court of Common Pleas of Philadelphia County on June 8, 2017, denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.
A panel of this Court previously set forth the relevant facts and procedural history on appeal from the Order entered on October 16, 1995, denying Appellant's first PCRA petition as follows:
Appellant participated in a plot with Darrin Wilder and Sean Simpson to rob William Robinson, a drug dealer who was undercutting Wilder's drug sales. On March 16, 1991, [A]ppellant picked up Wilder at his apartment, and both met Simpson in the area. Wilder told Simpson they planned to rob and, if necessary, kill Robinson; Simpson agreed to assist them.
Later that afternoon, Simpson lured Robinson into an alley near the house of Simpson's girlfriend, Geraldine Oakes. Appellant and Wilder, who was masked and brandishing a gun, appeared in the alley and demanded money from Robinson. Appellant grabbed Robinson and held him, while Wilder hit him with the gun. When Robinson struggled free and jumped onto the porch of the Oakes' house, [A]ppellant and Wilder followed. Robinson tried to open the door but Ms. Oakes and Belinda Franklin held it shut. Wilder shot Robinson in the back, and as Robinson stumbled into the house, staggered up the stairs, collapsed and died, [A]ppellant and Wilder pushed their way inside. Wilder demanded money of the occupants, struck Ms. Franklin on the head with his gun, and fled with [A]ppellant.
Appellant and Simpson were brought to trial together; Darrin Wilder remained a fugitive. During jury selection, Simpson pled guilty to third degree murder and robbery. A new jury panel was seated and, at [A]ppellant's separate *488 trial, Simpson testified as a Commonwealth witness. After the jury convicted [A]ppellant of second degree murder, robbery, burglary, possession of an instrument of crime, and violations of the Uniform Firearms Act, the court imposed a sentence of life imprisonment for the murder conviction. The court denied [A]ppellant's post-verdict motions and imposed a concurrent five to ten year prison sentence for robbery. This [C]ourt affirmed the judgment of sentence on August 20, 1993.
On September 16, 1993, [A]ppellant filed a pro se PCRA petition. Present counsel was appointed to represent [A]ppellant and filed an amended petition. After two hearings, the court denied PCRA relief on October 16, 1995. This appeal follows.
Commonwealth v. Pew , No. 3676 Philadelphia 1995, unpublished memorandum at 1-2 (unnumbered) (Pa.Super. filed Oct. 28, 1996). On June 25, 1997, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. Commonwealth v. Pew , 548 Pa. 657, 698 A.2d 66 (1997).
Between 2001 and 2010, Appellant filed numerous PCRA petitions pro se , and each of them was denied. Appellant filed the instant petition, his fifth, on February 17, 2016, and additional supplemental filings followed. Following its consideration of Appellant's petition and ancillary documents, the PCRA court notified Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P 907 on March 6, 2017. Appellant filed a response to the Rule 907 notice on March 20, 2017, and on June 8, 2017, the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed on June 14, 2017.
In his brief, Appellant presents the following question for our review:
Whether fraud in sentencing under 42 Pa.C.S. § 5505 Commonwealth v. Holmes, 593 Pa. 601, 933 A.2d 57 (2007) gives the common pleas court jurisdiction to correct sentence that cannot legally reconcile?
Appellant's Brief at 2 (emphasis in original) (unnecessary capitalization omitted).
When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. Commonwealth v. Smallwood , 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted).
At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Callahan , 101 A.3d 118, 121 (Pa.Super. 2014).
All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. Commonwealth v. Taylor , 65 A.3d 462, 468 (Pa.Super. 2013). This is true even where, as herein, the appellant challenges the legality of his sentence. Commonwealth v. Fahy , 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (holding that claims challenging the legality of sentence are subject to review within *489 PCRA, but must first satisfy the PCRA's time limits).
42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:
(b) Time for filing petition.-
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).
Herein, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 1997. Thus, Appellant's judgment of sentence became final on or about September 25, 1997, at which time the ninety-day period in which he had to file a petition for certiorari with the United States Supreme Court expired. See U.S.Sup.Ct. Rule 13 ; 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review").
A timely petition had to be filed by September 25, 1998; therefore, the instant PCRA petition filed on February 17, 2016, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. See 42 Pa.C.S.A. § 9545(b)(1) ; Commonwealth v. Perrin , 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).
At the outset, we note we could deem the issue Appellant presents for our review waived based on his defective appellate brief which is disorganized and comprised of rambling, repetitive and often incoherent statements. See Pa.R.A.P. 2101, 2111, 2118, 2119 ; Commonwealth v. Hardy , 918 A.2d 766, 771 (Pa.Super. 2007), appeal denied, 596 Pa. 703, 940 A.2d 362 (2008) (reiterating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant" and may find certain issues waived if a defect in an appellate brief impedes meaningful review (citation omitted) ); Commonwealth v. Lyons , 833 A.2d 245, 251-52 (Pa.Super. 2003), appeal denied, 583 Pa. 695, 879 A.2d 782 (2005) (noting that "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." (citation omitted) ).
Notwithstanding, to the extent Appellant purports to invoke the after-discovered evidence exception to the PCRA's time bar in the instant PCRA petition, see 42 Pa.C.S.A. § 9545(b)(1)(ii), he does not explain how the documents he attaches *490 thereto, the DC-300B form, criminal complaint and sentencing orders, (collectively Exhibits 1-4) which he claimed he did not receive from the courthouse mail until March 25, 2016, were unavailable to him prior thereto. Moreover, he has not established why he did not seek to ascertain these materials in the decades following his conviction prior to the filing of one of his previously-filed PCRA petitions. Thus, Appellant's failure to establish that these documents were previously unavailable to him is fatal to his attempt to satisfy the requirements of Subsection 9545(b)(1)(ii). See Commonwealth v. Brown , 111 A.3d 171, 176 (Pa.Super. 2015) (stating due diligence requirement is "strictly enforced" and "demands that the petitioner take reasonable steps to protect his own interests").
Appellant also appears to invoke the new constitutional right exception under Section 9545(b)(1)(iii) on the basis that the United States Supreme Court recognized a new constitutional right in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) that is applicable to him. In Miller , the Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " Miller , at 2460 (emphasis added). In Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016)as revised (Jan. 27, 2016) the United States Supreme Court held that Miller was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review. Montgomery , at 736. Thus, Miller and Montgomery are unambiguously limited to juvenile offenders.
Although Appellant was sentenced to life in prison, he admits that "[i]n March 16th 1991 [he] was exactly 18 years old." See Appellant's Brief at 11-12.[2] Appellant reasons that because he was not over the age of eighteen at the time of the murder, and that he filed the instant PCRA petition within sixty days of the Miller decision, he is serving an illegal sentence and is entitled to relief thereunder. Id at 13-15.
This Court has determined that a petitioner who was not a juvenile at the time of his crime may not invoke Miller and Montgomery to establish an exception to the PCRA's time-bar. In Commonwealth v. Furgess , 149 A.3d 90 (Pa.Super. 2016) this Court relied upon our prior decision in Commonwealth v. Cintora , 69 A.3d 759 (Pa.Super. 2013), appeal denied, 622 Pa. 764, 81 A.3d 75 (2013), and held that petitioners who were older than eighteen at the time they committed murder are not within the ambit of the Miller decision and, therefore, may not rely on that case to satisfy the time-bar exception set forth in Section 9545(b)(1)(iii). Furgess , at 94. In Commonwealth v. Woods , 179 A.3d 37, 44 (Pa.Super. 2017) this Court further found Miller to be inapplicable where the appellant was eighteen years, thirty-six days old when he committed murder. See also Commonwealth v. Rodriguez , 174 A.3d 1130 (Pa.Super. 2017) ("Appellant acknowledges that he was eighteen years old at the time he committed the murder; however, he argues, nevertheless, that he may invoke Miller because his immature and/or impulsive brain made him similar to a juvenile. Thus, Appellant seeks an extension of Miller to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the Miller holding. However, this Court *491 previously has rejected such an argument.") (citation omitted).
In light of the foregoing, Appellant filed a facially untimely PCRA petition and has failed to plead and prove the applicability of any exception to the PCRA time-bar. Consequently, we affirm the PCRA court's Order dismissing Appellant's petition as untimely.
Order affirmed.

42 Pa.C.S.A. §§ 9541 -9546.

The record reveals, and Appellant acknowledges, that Appellant was born on February 21, 1973, and the crimes were committed on March 16, 1991.