J-A07034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSE LOUIS NEGRON | : | |
| Appellant | : | No. 1684 MDA 2019 |

Appeal from the PCRA Order Entered September 12, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003826-2014

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 01, 2020**

Jose Louis Negron appeals from the denial of his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He raises a claim of ineffective assistance of counsel. We affirm.

The Commonwealth charged Negron with first- and third-degree murder and two counts of aggravated assault.[1] Negron proceeded to a jury trial at which the Commonwealth argued that he was either the killer or the killer's accomplice. As the prosecutor argued, "Well, our case is that he is either the principal or the accomplice." N.T., Trial, 1/12/15 at 537. The court instructed the jury as to both theories of criminal liability for each charge, and also directed the jury that its verdict must be unanimous. However, the court did not instruct the jury that it had to unanimously agree on the theory under

_____

[1] 18 Pa.C.S.A. §§ 2502(a), (c), and 2702, respectively.

which it was finding Negron guilty, *i.e.*, whether Negron was a principal or an accomplice, and Negron's trial counsel did not ask for such an instruction.

The jury convicted Negron of all charges and the trial court sentenced him to life imprisonment. Negron filed a post-sentence motion and the trial court granted Negron relief and awarded him a new trial. However, on the Commonwealth's appeal, this Court reversed and reinstated the judgment of sentence. The Pennsylvania Supreme Court denied allowance of appeal in August 2017, and Negron did not seek further review in the United States Supreme Court. **Commonwealth v. Negron**, 2017 WL 53982 (Pa.Super. filed Jan. 4, 2017), *appeal denied*, 170 A.3d 1022 (Table) (Pa. filed Aug. 30, 2017).

Negron filed the instant counseled and timely PCRA petition in July 2018, arguing trial counsel was ineffective in failing to ask the trial court to instruct the jury that its verdict as to the theory of liability had to be unanimous. PCRA Petition, filed 7/20/18, at ¶ 8(f). The PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Negron filed a response and the PCRA court denied the petition. This timely appeal followed.

Negron raises a single issue for our review: "Was [Negron] entitled to a PCRA hearing on his claim that the trial court should have been requested to instruct the jury as to unanimity with regard to the two different prosecution theories for the culpability of the accused?" Negron's Br. at 3.

Our review of the denial of PCRA relief is limited "'to whether the PCRA court's determination is supported by evidence of record and whether it is free

- 2 -

of legal error.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.Super. 2018)). A PCRA court must hold a hearing when there is a genuine issue of material fact that it must resolve before deciding the PCRA petition, and we review the failure to hold a hearing for error of law. ***Id.*** (citing ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa.Super. 2015)).

A petitioner who raises a claim of ineffective assistance of counsel must overcome the presumption that counsel is effective. ***See Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). To do so, the petitioner must plead and prove all of the following: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." ***Id.*** (citation omitted). Prejudice exists in the ineffectiveness context where a petitioner shows "that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Id.*** (citation omitted).

The question Negron has presented on appeal is whether the PCRA court erroneously denied relief without holding a hearing, but he makes no developed argument on that point. ***See*** Negron's Br. at 3. The Argument section of his brief mentions the failure to hold a hearing only in its very last sentence. Even then, Negron makes only the conclusory assertion that "[a] hearing on this claim was warranted before the lower court but was

- 3 -

erroneously denied." Negron's Br. at 15. Nowhere in his brief does he attempt to identify a genuine issue of material fact on which, according to him, the PCRA court needed an evidentiary hearing to resolve. By failing to present a developed argument on the sole issue listed in his Statement of Questions Involved, Negron committed waiver and we thus affirm. ***Commonwealth v. Bradley***, 2020 WL 2124419 (Pa.Super. filed May 5, 2020) (citing ***Commonwealth v. Wise***, 171 A.3d 784, 791 (Pa.Super. 2017)).

In any event, the argument to which he devotes his brief does not merit relief. Negron argues that "he had a right to the jury instruction of specific unanimity" – an instruction that the jury must unanimously agree on a single theory of guilt for each crime charged – because the Commonwealth argued two different theories of culpability. Negron's Br. at 13. He contends that a "specific unanimity" instruction is required "where there is a genuine possibility of jury confusion or a possibility that a conviction may occur as a result of different jurors concluding that the Appellant committed different acts." ***Id.*** at 10.

Negron does not cite, much less attempt to distinguish, the Pennsylvania Supreme Court's decision in ***Commonwealth v. Gonzales***, 345 A.2d 691, 695 (Pa. 1975). There, the appellant argued that the voluntary manslaughter statute "violate[d] due process because it permit[ted] the return of a verdict under two different theories of criminal liability without requiring specification of the theory upon which the verdict [was] based." ***Id.*** The Court rejected the

claim, explaining that to accept it "would require us to hold that special verdicts may be had by right in criminal cases," which is not the law. **_Id._**

Pursuant to **_Gonzalez_**, even if Negron had not committed waiver, we would still conclude that he has failed to establish ineffectiveness. Negron's underlying claim that trial counsel ought to have requested a specific unanimity instruction lacks arguable merit, and his ineffectiveness claim therefore fails. We thus affirm the order denying his PCRA petition.

Order affirmed.

Judge Dubow joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2020