J-S48040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLIEFF BROWN | : | |
| | : | |
| Appellant | : | No. 2986 EDA 2019 |

Appeal from the PCRA Order Entered September 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001530-2008

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED JANUARY 5, 2021**

Appellant Kylieff Brown (Appellant) appeals from the Court of Common Pleas of Philadelphia County's dismissal of his petition filed under the Post Conviction Relief Act (PCRA).[1] Appellant claims that the PCRA court erred in denying his petition without an evidentiary hearing, as his claims of ineffective assistance of plea counsel (for failing to investigate, failing to request a pre-sentence investigation, and failing to call mitigation witnesses) are meritorious. We affirm.

The PCRA court summarizes this case's history as follows:

On May 31, 2007, [Appellant] was arrested and charged, with various offenses, under two Bills of Information, including[:] Possession With Intent to Deliver (PWID) and Criminal Conspiracy. On May 29, 2012, [Appellant] entered into two negotiated guilty pleas and was immediately sentenced, in accordance with the terms of the plea agreement, to concurrent periods of probation

_____

[1] 42 Pa.C.S. §§ 9541-9546.

of [three] years on each of the charges of PWID and Conspiracy. This sentence was to be served consecutively to his negotiated sentence of confinement on the other unrelated Bill of Information. [CP-51-CR-0010456-2009.]

Subsequently, on June 13, 2016, at the conclusion of his jury trial before the Honorable Rose Marie DeFino-Nastasi, [Appellant] was convicted on the charge of PWID and was sentenced on September 9, 2016, to a period of confinement of 40 to 80 months. [CP-51-CR-0001138-2014.] This conviction resulted in a direct violation of the above referenced plea agreement on the charges of PWID and [C]onspiracy.

On September 23, 2016, the Court found [Appellant] in violation of probation and imposed consecutive sentences of confinement in a state correctional facility of [two to four] years on the PWID charge and [two to four] years on the Conspiracy charge, resulting in an aggregate sentence of [four to eight] years, to be served consecutively to any sentence he was then currently serving. On October 24, 2016, [Appellant] filed a timely counseled Notice of Appeal to [this Court] at 3398 EDA 2016, [and this Court] affirmed his [judgment] of sentence on April 6, 2018.

On August 28, 2018, [Appellant] timely filed the instant *pro se* PCRA Petition[.] On September 21, 2018, Zak T. Goldstein, Esq., was appointed as counsel to represent [Appellant.] On March 19, 2019, Mr. Goldstein filed an amended PCRA petition on behalf of [Appellant]. On May 9, 2019, the Commonwealth filed its motion to dismiss. On August 9, 2019, the Court [ ] issued its notice, pursuant to [Pa.R.Crim.P. 907], advising Counsel and [Appellant] that it intended to dismiss [Appellant's] petition within twenty days of issuance. On September 26, 2019, receiving no response, the Court issued an Order dismissing [Appellant's] PCRA Petition as being without merit.

On October 21, 2019, [Appellant] timely filed the instant Notice of Appeal to [this Court]. On October 22, 2019, [the PCRA court] filed and served on [Appellant] an Order, pursuant to [Pa.R.A.P. 1925(b)], directing [Appellant] to file and serve a Statement of Errors Complained of on Appeal, within 21 days of [the PCRA court's] order. On November 12, 2019, [Appellant] timely filed his [Statement].

PCRA Ct. Op., 1/29/20, at 1-3 (footnotes omitted).

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted), *appeal denied*, 200 A.3d 939 (Pa. 2019). There is no absolute right to a PCRA hearing, and we review dismissal without a hearing "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*).

Appellant argues that plea counsel was ineffective in failing to investigate prior to the violation of probation (VOP) hearing, failing to call mitigation witnesses, and failing to request a pre-sentence investigation (PSI), and that the court erred in dismissing Appellant's PCRA petition without a hearing because "[a]t a minimum, the PCRA court should have heard from the [potential mitigation] witnesses before determining that their testimony would not have made a difference in its sentencing decision." Appellant's Brief at 12.

The Commonwealth responds that although Appellant submitted three letters from potential character witnesses, only one (a letter from Appellant's mother) stated that the witness was available and willing to testify at the VOP hearing. Commonwealth's Brief at 9. Further, the Commonwealth argues that Appellant has made no argument as to how this proposed testimony would have had any impact on the court's sentencing decision. *Id.*

The PCRA court reports that the proposed testimony "would have had no effect on mitigating [its] imposition of the same sentence he would have received but for his initial plea agreement, as the [PCRA court] was well aware of [Appellant's] character." PCRA Ct. Op. at 10 (footnote and citation to record omitted).

We first evaluate Appellant's claim that the PCRA court erred in dismissing his petition without a hearing, and then proceed to examine his ineffectiveness claims. When evaluating a claim that a PCRA court erred in denying a hearing prior to dismissal, we examine the PCRA issues in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted). Rule 907 provides that PCRA petitions may be dismissed *sans* hearing if the PCRA court determines "that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings . . . ." Pa.R.Crim.P. 907(1).

Here, the PCRA court's observation that Appellant's direct probation violation would have resulted in the same sentence the court would initially

have imposed absent Appellant's plea deal supports its decision that a hearing would have served no purpose, as the proposed testimony did not raise a genuine issue of material fact. Our review of the record reveals that the Commonwealth lobbied for a weightier sentence at Appellant's VOP sentencing hearing. *See* N.T., 9/23/16, at 12-18. Further, the judge was already familiar with Appellant at this point, and thus character testimony was unlikely to alter his perspective. Because the record reflects that the PCRA court put a substantial amount of thought into its sentencing decision, and because Appellant has not established that there is a genuine issue of material fact, this argument is unavailing.

The remainder of Appellant's claims sound in ineffective assistance of plea counsel. Counsel is presumed to have been effective, and the petitioner must bear the burden of proving ineffectiveness. ***Commonwealth v. Ligons***, 971 A.2d 1125, 1137 (Pa. 2009). To prevail on such a claim, a petitioner must establish that the underlying claim has arguable merit, counsel did not have a reasonable basis for their actions or inaction, and the petitioner suffered prejudice as a result of counsel's deficient performance. ***Id.*** Failure to establish any of the three prongs of this test is fatal to the claim. ***Id.***

Here, our analysis of Appellant's ineffectiveness claim regarding his proposed mitigation testimony reveals that Appellant cannot establish prejudice, as the PCRA court's conclusion that the proposed testimony would have had no impact is supported by the record. Thus, that claim fails. ***See Ligons***, 971 A.2d at 1137.

Appellant next suggests that plea counsel was ineffective for failing to request that the court order a PSI prior to its imposition of sentence. Appellant's Brief at 19-22. The PCRA court points out that a PSI had been conducted as part of the sentencing proceedings for the case that triggered the VOP proceedings. PCRA Ct. Op. at 9. Further, the same lawyer represented Appellant in both proceedings. *Id.* at 8. Because counsel is presumed effective, we must presume counsel was familiar with the presentence report. Finally, the court seemed intent that Appellant should receive an undoing of the "benefit of the bargain" of his plea deal, and also seemed very familiar with Appellant. Thus, even if Appellant had successfully borne the persuasive burden of establishing deficient performance, he cannot establish prejudice. *See Ligons*, 971 A.2d at 1137.

Finally, Appellant makes a nebulous claim that plea counsel failed to prepare for his VOP hearing, and should be found ineffective on that basis. Upon review of the transcript, this Court cannot agree. Appellant's Brief at 13. The PCRA court reports that "Counsel and [Appellant] clearly appeared to be prepared to proceed with the hearing." PCRA Ct. Op. at 8. The hearing took place shortly after Appellant's sentencing hearing before Judge DeFino-Nastasi, and the two hearings involved substantially identical preparation and argument. Because Appellant has not established prejudice, this broader iteration of his ineffectiveness claim too must fail. *See Ligons*, 971 A.2d at 1137.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/05/2021</u>