J-S16032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                  :  PENNSYLVANIA
                                                  :

          v.                                   :

SCOTT ANTHONY SCHAFFER        :

         Appellant           :  No. 1085 MDA 2021

Appeal from the PCRA Order Entered July 22, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0006359-2013

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED:  AUGUST 29, 2022**

Scott Anthony Schaffer, *pro se*, appeals from the order denying, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. The lower court found Schaffer's petition to be inexcusably untimely. On appeal, Schaffer raises a plethora of issues in his brief, ranging from claims of ineffective assistance of counsel to a contention that the Commonwealth unlawfully induced him into taking a guilty plea. However, even after a liberal reading of Schaffer's submissions, we are unable to find any salient pleaded exception to the PCRA's jurisdictional time bar. We therefore affirm.

Pursuant to a plea agreement, the court sentenced Schaffer on February 7, 2014, to what would ultimately become, in the aggregate, twenty-one to

_____

[*] Retired Senior Judge assigned to the Superior Court.

forty-two years of incarceration.[1] In that plea agreement, Schaffer pleaded guilty, but mentality ill, to third-degree murder and abuse of a corpse.[2] Schaffer did not file any post-sentence motion or direct appeal.

Approximately five years later, on April 3, 2019, Schaffer filed his first PCRA petition. Two months later and after the appointment of counsel, on June 7, 2019, Schaffer filed an amended petition. On June 20, 2019, following an extensive colloquy involving Schaffer being placed under oath, Schaffer withdrew this PCRA petition. The court was "satisfied that his petition was knowingly, voluntarily and intelligently withdrawn after [Schaffer] had a full opportunity to discuss the matters with counsel." Trial Court Opinion, 11/24/21, at 2.

At issue in the present appeal is the PCRA petition Schaffer filed on January 29, 2021, which featured a nineteen-page and handwritten supplemental brief. In response to his filing, the court issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907 that it intended to dismiss Schaffer's petition without any further proceedings.

Ultimately, on July 22, 2021, the court dismissed Schaffer's petition,

---

[1] Several weeks after sentencing, to reflect the maximum amount of time allowed for a second-degree misdemeanor, Schaffer's sentence was revised down from an aggregate twenty-two to forty-four years of incarceration to the range enumerated above.

[2] *See* 18 Pa.C.S.A. § 2502(c) and 18 Pa.C.S.A. § 5510, respectively. The former offense involved Schaffer repeatedly stabbing the victim, Steven Schaffer, to death. The latter offense stemmed from the post-mortem decapitation of the victim. *See* Guilty Plea/Sentencing Hearing, at 8-9. It appears that Steven Schaffer was Scott Schaffer's father. *See id*., at 2, 11.

and Schaffer timely appealed from this decision. After being directed to do so, Schaffer filed a statement of matters complained of on appeal, and the court, thereafter, issued its corresponding opinion. As such, the appeal is ripe for review.

We employ a well-settled standard of review when considering appeals from orders dismissing PCRA petitions:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

However, prior to analyzing the substance of Schaffer's brief, we must first ascertain whether this Court has the jurisdictional ability to consider his claims. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (discussing the jurisdictional dimensions of the PCRA's timeliness requirement and stating that a court may not address the claims raised in a PCRA petition if it is not timely filed).

PCRA petitions must be filed within one year of the date a judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). Specifically, given

that Schaffer filed no direct appeal, his judgment of sentence became final "at the expiration of time for seeking the review." **Id**., at § 9545(b)(3). In accordance with Pennsylvania Rule of Criminal Procedure 720, Schaffer had thirty days to file a notice of appeal from his judgment of sentence. **See** Pa.R.Crim.P. 720(A)(3). As such, Schaffer's judgment of sentence became final in March 2015, approximately one year and one month after its imposition.

As stated, *supra*, Schaffer's instant PCRA petition was filed in January 2021. With that petition being filed almost six years after the deadline for filing a timely PCRA petition, it is, therefore, patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(3).

Despite this, Schaffer was still permitted to file a PCRA petition beyond the PCRA's statutory one-year time period if he pleaded and proved one of its three exceptions. **See Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) (highlighting that it is a petitioner's burden to plead and prove an exception). Schaffer was required to assert that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 4 -

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*., at § 9545(b)(1)(i-iii). Depending on when his claim arose, Schaffer had to raise an exception either within one year or within sixty days of the date his claim could have first been presented. ***See id***., at § 9545(b)(2).[3]

In looking at Schaffer's brief, we are unable to find any basis for him to overcome the PCRA's time bar. With that said, we emphasize that Schaffer only makes bald and vague references as to how the time bar is satisfied.

However, in a generous consideration of what he has written, Schaffer first asserts that he has adequately pleaded one of the exceptions because he provided new evidence in 2019 that his DNA shows a biological relationship with, *inter alia*, George Soros and Arnold Schwarzenegger. ***See*** Appellant's Brief, at 2. Schaffer next contends that he was not required to file his PCRA petition within one year because his diagnoses of autism and schizophrenia caused, in his words, "equitable tolling." ***Id***., at 8. After that, Schaffer implicitly avers a time bar exception when he declares that the Commonwealth engaged in misconduct for failing to disclose exculpatory evidence and for prosecuting him when he was incompetent to stand trial. ***See id***., at 12.

To the extent his first proffered exception invokes the newly-discovered

---

[3] Section 9545(b)(2) was amended on October 24, 2018, effective in sixty days (i.e., December 24, 2018). That amendment extended the time for filing from sixty days of the date the claim could have been first presented to one year. However, the amendment only applies to claims arising on December 24, 2017, or thereafter. ***See*** Act 2018, Oct. 24, P.L. 894, N. 146, § 3.

facts exception, Schaffer was required to establish that: (1) the DNA "fact" was unknown; and (2) the information could not have been timely uncovered through due diligence. **See Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). In particular, Schaffer must clearly show "why he could not have obtained the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Schaffer states, in the facts section of his brief, that "[a] DNA test between George Soros … and Arnold Swartzenneggar [sic] would prove their [sic] the defendant's biological family." Appellant's Brief, at 7. Based on his use of the phrase "would prove" and because the sentence is unsupported by any citation, it appears that he is asserting something that is not definitively known. Therefore, it is not a "fact" within the meaning of the exception to the PCRA's time bar. Moreover, as he apparently learned of the possible DNA connection in 2019, four years after his judgment of sentence became final, Schaffer makes no attempt to show how he could not have made this finding earlier through the exercise of due diligence.

In his second exception, while we are sympathetic to his mental health conditions,[4] Schaffer has not articulated any way that these disorders can serve to overcome the PCRA's time bar or provide him with, as he phrases it,

---

[4] In addition to referencing George Soros and Arnold Schwarzenegger, Schaffer's brief also mentions Osama Bin Laden, the 2007-08 Lehman Brothers collapse, a religious sacrificial murder for Islam, and the Golden State Killer. **See** Appellant's Brief, at 6-7.

"equitable tolling." Although it is unclear, Schaffer has seemingly tethered his mental health conditions averment to the DNA evidence claim, as they are contained within the same argument paragraph. *See* Appellant's Brief, at 8. For the reasons already stated, i.e., that Schaffer has adduced no new "facts" and, too, has not shown due diligence, there is simply no cogent basis to find that Schaffer has surmounted the PCRA's time bar here either.

In his third exception, Schaffer appears to be arguing that the government, in some capacity, interfered with his ability to raise a prior claim, which apparently, among other things, involved the withholding of exculpatory information. Schaffer does not expound on what, in fact, the exculpatory evidence was. *See id*., at 12. Schaffer further states that the Commonwealth threatened him with a "worse charge" if he were to appeal his case, *id*., but offers no evidentiary basis or record support in making such a claim. Absent any clear indicia that the government violated the United States or Pennsylvania Constitution or the laws of either jurisdiction, *see* 42 Pa.C.S.A. § 9545(b)(1)(i), Schaffer has not sufficiently developed his claim of governmental interference and has therefore failed to prove an exception in this domain.

Accordingly, because Schaffer has not demonstrated that he has sufficiently pleaded and proved an exception to the PCRA's time bar, the claims contained within his brief are untimely. As such, we, much like the lower court, are without jurisdiction to adjudicate them. Therefore, we are

compelled to affirm the PCRA court's order dismissing his petition.

Order affirmed

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/29/2022