J-S04033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAKIM ROBINSON | : | |
| | : | |
| Appellant | : | No. 1515 EDA 2021 |

Appeal from the PCRA Order Entered July 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0208872-2001

BEFORE:  MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 12, 2023**

Hakim Robinson (Robinson) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) denying his fourth petition filed pursuant to the Post-Conviction Relief Act (PCRA) as untimely.[1] Robinson contends he is entitled to application of the newly-discovered facts exception to the PCRA's jurisdictional time-bar.  We affirm.

**I.**

**A.**

This case arises from Robinson's involvement in the shooting death and robbery of Richard Williams, Jr. (Williams) at Williams' apartment in West

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Philadelphia in an area known as "the Bottom." Police determined during the investigation that Williams sold marijuana and that one of his friends, co-defendant Robert Jones (Jones), conspired with Robinson and co-defendant Fred Porter (Porter) to rob Williams. Porter fatally shot Williams in the chest during the robbery.

Each of the co-defendants gave statements to police describing their participation in the crime, and these statements were read into the record at trial. Counsel for defendants jointly moved for production of the personnel file of Detective William Egenlauf, a homicide detective who was involved in taking the defendants' statements because of allegations relating to his misconduct in an unrelated case. Counsel argued that Detective Egenlauf "may have been involved in falsification as to the production of certain statements . . . Egenlauf is the one that took the statement . . . in **Haik** and **Wise**, the Center City jogger case, that was ultimately rejected by the jury in that case as untruthful." (N.T. Trial, 4/23/02, at 64, 66). The trial court denied the motion and stated, "there is no factual basis to support [the motion]. If he has some factual basis to support it, he can point out what he believes are lies or falsifications; then I will listen to it. But, otherwise, just a bold allegation that [Detective Egenlauf] may have been involved in a falsification of the statement is not a foundation for a motion at this point." (**Id.** at 66).

As to Robinson's confession, Detective Steven Buckley of the Philadelphia Police Department testified that he interviewed Robinson with Detective Egenlauf, who recorded the statement. Robinson's seven-page statement, which he signed at the bottom of each page, read in relevant part as follows:

> Earlier that night I was with two guys out my way. The first guy said he wanted to get a couple of dollars and wanted me to go with him down the Bottom. We go and get this third guy who was with his friends. The first guy said we were going down to the bottom to get us a couple of dollars. . . He meant he was going to rip somebody off. He was setting it up. He was basically telling the third guy just go in and put the gun in his face and he will give you anything you want. . .
>
> We went to Richard's house and we were going to buy a bag or two to make it look good. . . Me and the first guy go into Richard's house and we conversate. We're in Richard's house about three minutes. . . Richard has a girl with him. I didn't see her but I knew she was there. I know she dances at bars and stuff. Matter of fact she dances at the Panther Bar, 35th and Mount Vernon Streets. . .
>
> We had planned it that as I left out of the apartment, the guy with the gun would come rushing into the apartment. That's what happened. He comes in with the gun. He smacks Richard [and told him] to get the hell down and then tells Richard, Where is the shit at? Then he hit the guy again and he was down on the floor and he pointed over to the couch and said it's behind the couch or something like that. I left out and I heard a bang. Later the guy with the gun told me that Richard started fighting and as Richard came towards him, the gun just went off accidentally. . . I went to my car and I left. Me and Brahim go right to his house and then the guy with the gun came later and we was talking. But this is the part I'm stuck on. He didn't have no bag with him when he came to the house.

(N.T. Trial, 4/25/02, 90-94).

At the conclusion of trial, the jury convicted Robinson of second-degree murder, robbery, burglary and conspiracy. The trial court imposed an aggregate sentence of life imprisonment plus 2-4 years. This Court affirmed Robinson's judgment of sentence in July 2003 and our Supreme Court dismissed his petition for allowance of appeal as improvidently granted on May 10, 2004. Robinson's timely first PCRA petition was dismissed in March 2006, and he unsuccessfully litigated two subsequent petitions.

**B.**

Robinson, acting *pro se*, filed the instant PCRA petition on December 10, 2018, and a supplemental petition in November 2019.[2] The crux of Robinson's claim is that on or about December 2, 2018, he received new information that Detective Egenlauf had secured a false confession in an unrelated case, leading to the defendant's acquittal, citing a federal civil rights complaint litigated in 1997, **Wise v. Egenlauf**, *et al*. 97-cv-2651 (ED. Pa.) (the "Center City Jogger" case), in which Detective Egenlauf was one of many named and unnamed defendants constituting a newly-discovered fact.

He goes on to contend that the Commonwealth's failure to provide him with all information regarding the investigations into Detective Egenlauf's

---

[2] Robinson retained current counsel in April 2021.

misconduct during his trial or direct appeal constituted a **Brady**[3] violation. The PCRA court issued Rule 907 notice[4] to dismiss the petition without a hearing and dismissed the petition as untimely on July 12, 2021. Robinson timely appealed and he and the PCRA court complied with Rule 1925(b). **See** Pa.R.A.P. 1925(a)-(b).

## II.

We begin by considering the timeliness of Robinson's petition because if it is untimely, neither this Court nor the PCRA court has jurisdiction over the petition.[5] **See Commonwealth v. Reid**, 235 A.3d 1124, 1140 (Pa. 2020). "The PCRA requires that a petition seeking relief thereunder must be filed within one year of the date the petitioner's judgment of sentence becomes

---

[3] **See Brady v. Maryland**, 373 U.S. 83 (1963), holding that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, at 87. "There are three components of a true **Brady** violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." **Commonwealth v. Natividad**, 200 A.3d 11, 25–26 (Pa. 2019) (citation omitted).

[4] Pa.R.Crim.P. 907(1).

[5] Because the issue of whether a PCRA petition is timely raises a question of law, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018). A PCRA petitioner is not automatically entitled to an evidentiary hearing, and we review a PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. **See Commonwealth v. Williams**, 244 A.3d 1281, 1286 (Pa. Super. 2021).

final." ***Id.*** at 1144 (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** (citation omitted).

In this case, Robinson's judgment of sentence became final on August 8, 2004, when his time to file a writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup.Ct. R. 13. Robinson's PCRA petition, filed in December 2018, is, therefore, patently untimely and must meet one of the three limited exceptions to the PCRA's time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Reid***, ***supra*** at 1144 (citation omitted).

Robinson claims the applicability of the timeliness exception at Section 9545(b)(1)(ii) "which requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those

- 6 -

facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

We note that be entitled to relief based on a claim of after-discovered evidence under the PCRA, a petitioner must plead and prove that his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). A petitioner must establish that the evidence: "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." ***Commonwealth v. Tedford***, 228 A.3d 891, 911 (Pa. 2020) (citation omitted). We reiterate that "a ***Brady*** violation consists of three elements: (1) suppression by the prosecution (2) of evidence, whether exculpatory or impeaching, favorable to the defendant, (3) to the prejudice of the defendant." ***Id.*** at 908 n.11 (citation omitted).

Moreover, to meet the newly-discovered facts exception, the petitioner must show "Due diligence [which] demands that the petitioner take reasonable steps to protect his own interests." ***Brown***, at 176 (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." ***Id.*** (citation omitted). "This

rule is strictly enforced." ***Id.*** (citation omitted). Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Id.*** (citation omitted).

### III.

Over 16 years later, in his December 2018 PCRA petition, Robinson contends that the trial court erred by dismissing his petition under the newly-discovered facts exception to the PCRA's time-bar. He maintains that the "new fact at issue is that the Commonwealth has failed to disclose information relative to investigations into Detective Egenlauf's practice of coercing false confessions. This is a ***Brady*** violation, and this is what constitutes a new 'fact' . . . [and] the Commonwealth was required to provide any and all favorable information to the defense, whether it was admissible or not." (Robinson's Brief at 13).

What this ignores is that this "fact" that Robinson equates with a ***Brady*** violation is not "newly discovered" and was "not unknown" to him at the time of trial. Trial counsel for Robinson raised the issue of Detective Egenlauf's alleged misconduct relating to false confessions at Robinson's 2002 trial and specifically sought information about the ***Wise*** "Center City jogger" case. Moreover, despite his claim that Detective Egenlauf supposedly had a "habit" of falsifying statements and confessions, he points to no other cases where the Commonwealth was aware that Detective Egenlauf coerced a confession to even have a facial ***Brady*** claim.

- 8 -

Moreover, even if Detective Egenlauf's purported misconduct could be considered new information, Robinson has failed to identify specific steps he took to protect his interests and neglected to provide a reasonable explanation as to why he could not have timely obtained any salient information, if it exists, concerning the detective's conduct in this case during the years-long gap between his conviction and the filing of this serial petition. Reframing the issue concerning Detective Egenlauf as a ***Brady*** violation does not allow Robinson to circumvent the timeliness requirements of the PCRA.

Accordingly, because Robinson failed to meet his burden of showing that his petition meets the newly-discovered facts exception to the time-bar, we affirm the PCRA court's order dismissing it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2023