**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIRBY JOHN MARTIN | : | |
| | : | |
| Appellant | : | No. 326 MDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000485-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIRBY JOHN MARTIN | : | |
| | : | |
| Appellant | : | No. 327 MDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000837-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIRBY JOHN MARTIN | : | |
| | : | |
| Appellant | : | No. 328 MDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000884-2015

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: DECEMBER 22, 2023**

Kirby John Martin appeals from the order dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   We affirm.

By way of background, Appellant pled guilty to one count of receiving stolen property after he was found to be in possession of a unique, quilled knife that was reported stolen from a historical art gallery in Gettysburg, Pennsylvania.  He was sentenced to two years of probation, consecutive to a then-outstanding sentence.    Before beginning his probationary term, however, Appellant was convicted of additional crimes at docket numbers 837 and 884 of 2015.  Based on the new convictions, the trial court anticipatorily revoked Appellant's probation and resentenced him to two and one-half to five years of incarceration on April 28, 2016.  Appellant did not file a direct appeal, and accordingly that judgment of sentence became final on May 30, 2016.

Since then, Appellant has filed three PCRA petitions challenging this judgment, all of which were denied or dismissed.  On December 21, 2022, Appellant filed the instant *pro se* petition, his fourth, raising numerous claims

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's petition was filed as to three underlying criminal cases:  docket numbers 485 of 2013, 837 of 2015, and 884 of 2015.  Despite this, the petition relates exclusively to Appellant's sentence imposed at docket number 485 of 2013.  **See** PCRA Petition, 12/21/22, at 1 ("This pleading concerns the following information, indictment or criminal complaint number(s):  CP-01-CR-0000485-2013.").  Accordingly, unless stated otherwise, our discussion focuses only on that case.

- 2 -

of ineffective assistance of counsel and due process violations. The attorney whom the court appointed to represent Appellant as to his third PCRA petition sought leave to withdraw from the instant matter, which the PCRA court granted. The court thereafter issued a notice of its intention to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response, discussing his belief that the trial court violated his due process rights by resentencing him before he began serving his probationary term and raising purported errors stemming from his preliminary hearing. The PCRA court ultimately denied the petition on February 2, 2023.

Appellant filed a timely *pro se* notice of appeal at each of the three referenced dockets. Both he and the PCRA complied with Pa.R.A.P. 1925.[2] Upon Appellant's application, we consolidated the three cases on appeal. Appellant presents the following five issues for our review:

> 1. Did the [PCRA] court err in dismissing Appellant's PCRA petition as untimely, without jurisdiction, and without merit to be heard, when Appellant proved a due process violation occurred and his counsel was ineffective?
>
> 2. Did the trial court create an illegal sentence and unlawful sentence in lieu of [the] due process violations?
>
> 3. Did the trial court lack authority under Pennsylvania law to revoke a consecutive period of probation that Appellant had not yet begun?

---

[2] In its Rule 1925(a) opinion, the PCRA court directed us to its notice of intention to dismiss, entered on January 12, 2023, wherein it provided the reasoning for its decision.

4. Was trial counsel ineffective for refusing to appeal the initial resentencing of Appellant's probation upon request?

5. Was PCRA counsel [appointed for Appellant's prior PCRA petition] ineffective for failing to amend Appellant's PCRA [petition], upon request, to properly assert the untimely exceptions?

Appellant's brief at 4 (cleaned up).

We address the propriety of the PCRA court's denial order as follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up).

Before turning to the merits of Appellant's claims, we must first determine whether his petition was timely, since neither this Court nor the PCRA court has jurisdiction to consider the merits of any claims raised in an untimely PCRA petition. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, this Court has stated that the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

As identified above, the judgment pertaining to Appellant's conviction for receiving stolen property became final in May 2016, after he was resentenced and filed no direct appeal. There is no dispute that the instant petition was facially untimely. Therefore, Appellant had the burden to plead and prove one of the enumerated exceptions to the PCRA's time bar in his petition before the PCRA court could consider the merits of any of his claims.

Based upon our review of the petition, we find that Appellant inartfully invoked two exceptions to the timeliness requirement. Although the averments were not entirely cohesive, from what we can gather, he contended that this Court's decision in *Commonwealth v. Simmons*, 262 A.3d 512

(Pa.Super. 2021) (*en banc*),[3] bears on the exceptions for both newly-discovered facts and a newly recognized constitutional right. **See** PCRA Petition, 12/21/22, at 3-6. Within his petition, Appellant claimed that this opinion constituted a newly-discovered fact since he only recently learned of the decision, and asserted that he could not have learned of it sooner due to restrictions in the prison stemming from the COVID-19 pandemic. **Id**. at 4. Appellant also averred that the **Simmons** decision recognized a new constitutional right because, in his mind, it made his revocation sentence in 2016 void *ab initio*. **Id**. at 5.

We note that in order to successfully invoke the newly-discovered facts exception under § 9545(b)(1)(ii), a petitioner must "establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). Relatedly, regarding the newly-recognized constitutional right exception, our High Court has stated that a petitioner must prove "a constitutional right was recognized by the Supreme Court of the United States or this Court" and that the right has been held, by one of those courts, to apply retroactively. **Commonwealth v. Taylor**, 283 A.3d 178, 187 (Pa. 2022) (citation omitted).

---

[3] In that case, we examined various sections of the Sentencing Code and held that a "court may [not] anticipatorily revoke an order of probation[,]" thereby overturning longstanding precedent to the contrary. **Commonwealth v. Simmons**, 262 A.3d 512, 524 (Pa.Super. 2021) (*en banc*).

- 6 -

In denying Appellant's petition as untimely, the PCRA court thoroughly summarized the law applicable to each of the exceptions to the PCRA's timeliness requirements and concluded that Appellant failed to carry his burden as to any exception. *See* Notice of Intent to Dismiss, 1/12/23, at 2-4. With regard to Appellant's assertion of a newly-discovered fact, the court accurately noted that decisional caselaw does not constitute a new fact. *Id*. at 2 (citing *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011)). Concerning Appellant's proclaimed newly-recognized constitutional right, the PCRA court determined that *Simmons* did not confer any new right, as it merely concerned statutory interpretation. *Id*. at 4. The court finally concluded that nothing in *Simmons* indicated that its holding applied retroactively. *Id*.

The PCRA court's decision to deny the petition as untimely is supported by the record and free from legal error. Appellant's asserted newly-discovered fact can be readily rejected since, as the PCRA court correctly noted, our High Court has determined that "judicial determinations are not facts." *Watts*, *supra* at 986. Similarly, we agree that *Simmons* has not been determined by either the Pennsylvania Supreme Court or United States Supreme Court to apply retroactively or grant a new constitutional right. Even though that decision overruled longstanding precedent, it did not invalidate, in whole or in part, any statute governing the revocation of probation, but merely handed down a different interpretation of the constitutionally-sound enactments. *Compare Commonwealth v. McIntrye*, 232 A.3d 609, 619 (Pa. 2020)

- 7 -

(holding appellant's timely PCRA petition entitled him to relief where a decision handed down after his judgment of sentence became final declared the statute under which he waws convicted void *ab initio*); **with Commonwealth v. Bracey**, 795 A.2d 935, 939 n.3 (Pa. 2001) (holding PCRA petitioner was not entitled to benefit of the new interpretation of a Sentencing Code provision that was announced after his direct appeal had concluded). Therefore, Appellant has failed to demonstrate that any exception to the PCRA's time bar applies to his facially untimely petition.

In sum, Appellant's fourth PCRA petition is untimely, and we lack jurisdiction to consider the merits of the arguments raised therein. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/22/2023