J-S24008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA JOHNSON | : | |
| | : | |
| Appellant | : | No. 118 WDA 2024 |

Appeal from the PCRA Order Entered December 27, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015768-2015

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED: July 19, 2024**

Joshua Johnson appeals *pro se* from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 2016, Appellant pled guilty to third-degree murder and other crimes and was sentenced to an aggregate term of twelve and one-half to thirty years of imprisonment. He did not file a direct appeal. PCRA petitions that he filed in 2018, 2020, and 2022, resulted in no relief.[1]

Appellant filed the PCRA petition at issue in the instant appeal on May 3, 2023, followed by discovery requests and an unauthorized amended petition.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court appointed counsel for each of the first three petitions.

On December 4, 2023, the PCRA court entered an order that: (1) denied his discovery requests, (2) indicated that it would not consider the amended petition filed without the required leave of court, and (3) issued notice of the court's intent to dismiss the initial petition as untimely because he did not sufficiently plead a timeliness exception. Although the PCRA court informed Appellant of his right to respond to the dismissal notice, he declined to do so. Accordingly, the PCRA court dismissed the petition by order of December 27, 2023.

Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. Appellant stated three points of error in his Rule 1925(b) statement, none of which addressed the timeliness of his petition. Likewise, his brief in this Court presents three substantive issues and does not assert that the PCRA court's untimeliness ruling was erroneous. **See** Appellant's brief at 6 (stating questions concerning the ineffectiveness of plea counsel, prosecutorial misconduct, and a violation of his Fifth and Sixth Amendment rights).

At the outset, we observe that "we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is

due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that any PCRA petition must either be filed within one year of the judgment of sentence becoming final or meet a timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1). "[T]he PCRA's time limitations are jurisdictional in nature and . . . neither [an appellate court] nor the PCRA court has jurisdiction over an untimely petition." **Commonwealth v. Taylor**, 283 A.3d 178, 184 (Pa. 2022). A petitioner bears the burden of pleading and proving a timeliness exception. "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed[.]" **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018).

Appellant filed no direct appeal after he was sentenced in accordance with his plea agreement on November 7, 2016. Therefore, Appellant's judgment of sentence became final on December 7, 2016, when the time for filing a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review."). Appellant's filing in 2023 was thus facially untimely by more than five years.

Appellant does not address the timeliness of the petition in his appellate brief, let alone explain how the PCRA court wrongly concluded that none of the exceptions to the one-year time bar applied. Accordingly, Appellant has not met his burden of convincing us that the PCRA court erred and that relief

is due. Therefore, having no jurisdiction to consider the substantive merits of his claims, we affirm the order dismissing his untimely petition. ***See Pew***, 189 A.3d at 488.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/19/2024