J-S36043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAARON ANTHONY SHEARS | : | |
| | : | |
| Appellant | : | No. 670 WDA 2022 |

Appeal from the PCRA Order Entered August 10, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001660-2011

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JANUARY 10, 2023**

Appellant, Daaron Anthony Shears, appeals *pro se* from the order entered in the Fayette County Court of Common Pleas (trial court), which dismissed his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing as untimely.  We affirm.

On July 13, 2012, a jury convicted Appellant of rape, sexual assault, and statutory sexual assault.  The trial court sentenced Appellant on November 2, 2012, to a mandatory minimum term of 10 to 20 years' incarceration for the rape conviction, pursuant to 42 Pa.C.S. § 9718. The court imposed a consecutive term of 3 months to 10 years' incarceration for sexual assault and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

no further penalty for statutory sexual assault. Appellant filed a post-sentence motion on November 6, 2012. On November 8, 2012, the court amended the sentence to impose a consecutive term of 3 months to 10 years' incarceration for statutory sexual assault and no further penalty for sexual assault. Appellant filed a notice of appeal on December 11, 2012, which this Court quashed as untimely on May 23, 2013. *Commonwealth v. Shears*, No. 1954 WDA 2012, unpublished order (Pa. Super. filed May 23, 2013). Appellant did not file a petition for allowance of appeal.

On September 10, 2014, Appellant filed a *pro se* first PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on January 6, 2015. Following a hearing, the court dismissed this PCRA petition as untimely on June 2, 2015. On October 14, 2015, this Court affirmed the dismissal of that PCRA petition. *Commonwealth v. Shears*, No. 937 WDA 2015, unpublished judgment order (Pa. Super. filed October 14, 2015). On September 19, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from that order. *Commonwealth v. Shears*, 158 A.3d 67 (Pa. 2016).

On April 30, 2018, Appellant filed a second PCRA petition and filed three additional PCRA petitions between that date and November 8, 2019. On March 9, 2020, the trial court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss these PCRA petitions without a hearing, and Appellant filed a response to this Rule 907 notice on March 16, 2020. On August 6, 2020, the trial court entered

an order dismissing Appellant's second, third, fourth, and fifth PCRA petitions. Appellant appealed that order, arguing that those PCRA petitions allegedly presented meritorious claims that he was entitled to a new trial based on after-discovered exculpatory evidence, that his trial and direct appeal counsel were ineffective, that the trial court lacked jurisdiction because the crime allegedly did not occur in Fayette County, and that the prosecutor's peremptory challenges in jury selection violated *Batson v. Kentucky*, 476 U.S. 79 (1986).  On December 21, 2021, this Court affirmed the dismissal of Appellant's second, third, fourth, and fifth PCRA petitions on the ground that they were all barred as untimely.  *Commonwealth v. Shears*, No. 984 WDA 2020 (Pa. Super. filed December 21, 2021) (unpublished memorandum).

On February 18, 2022, Appellant filed the instant sixth PCRA petition, in which he asserted a claim that the trial court's dismissal of his first PCRA as untimely was based on false information provided by the Commonwealth and also reasserted the same claims as his second through fifth PCRA petitions. 2/18/22 PCRA Petition at 4.  On May 27, 2022, the trial court entered a Rule 907 notice of its intent to dismiss this PCRA petition without a hearing on the ground that it was time-barred, and Appellant filed no response to this Rule 907 notice.  On August 10, 2022, the trial court dismissed Appellant's 2022

PCRA petition.  Trial Court Order, 8/10/22.  Appellant has timely appealed that order.[2]

Appellant raises as issues in this appeal both the argument that the trial court erred in holding that the 2022 PCRA petition was time-barred and the same claims that he raised in his appeal from the dismissal of his second through fifth PCRA petitions.[3]  We conclude that Appellant has failed to satisfy any exception to the PCRA's time bar and therefore affirm the dismissal of his 2022 PCRA petition without reaching the merits of the substantive PCRA claims that he again seeks to raise.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S. § 9545(b)(1).  A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

_____

[2] Appellant filed his appeal prematurely on May 31, 2022 in response to the trial court's Rule 907 notice.  Because the order dismissing Appellant's 2022 PCRA petition was subsequently entered on August 10, 2022, his appeal is timely and is properly before us.  Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

[3] Indeed, 5 of the 11 pages in the argument section of Appellant's brief in this appeal are copies of pages from the argument section of his brief in his appeal from the dismissal of his second through fifth PCRA petitions and at least 3 other pages of his argument section contain large amounts of material from that prior brief.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* In addition, these exceptions can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. *Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999); *Commonwealth v. Whiteman,* 204 A.3d 448, 450 (Pa. Super. 2019); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on December 10, 2012, upon expiration of the 30-day period to file an appeal to this Court.[4] 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); *Whiteman,* 204 A.3d at 450. The instant PCRA petition was filed more than nine years after the judgment became final and is therefore untimely unless Appellant alleged and proved

---

[4] The 30-day period extended to December 10, 2012 because the thirtieth day, December 8, 2012, was a Saturday.

- 5 -

one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii) and he filed this PCRA petition within one year after he first could have done so.

The only exceptions to the PCRA's time bar that Appellant asserts are the exception for newly discovered facts and the exception for government interference. 2/18/22 PCRA Petition at 3, 8; Appellant's Brief at 7-9, 11. Neither of these exceptions is satisfied here.

The newly discovered facts exception applies only where the convicted defendant shows both that he did not know the facts upon which he bases his PCRA petition and that he could not have learned of those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019). Merely showing that the defendant did not learn of facts until shortly before the PCRA petition was filed, without any allegations and proof of timely efforts or inability to discover that information earlier, is insufficient to satisfy Section 9545(b)(1)(ii)'s exception for newly discovered facts. **Sanchez**, 204 A.3d at 526-27; **Pew**, 189 A.3d at 489-90.

Here, the only facts that Appellant has asserted that he discovered in the year prior to this 2022 PCRA petition are facts concerning dates that he was in certain restricted prison housing in 2013, which allegedly prevented him from filing a timely first PCRA petition. 2/18/22 PCRA Petition at 3-4 & Exs. A & B. Although Appellant attached to his 2022 PCRA petition inmate request forms showing that he received this information on January 6 and

February 4, 2022, *id.* Exs. A & B, he has not made any showing as to when he first attempted to obtain this information or that he could not have obtained it years earlier. Indeed, the documents that he attached to show this newly discovered information indicate that he requested the information on January 4 and February 2, 2022, just two days before he received it. *Id.* Because the information has been in existence since 2013 and Appellant has not alleged, let alone shown, that he made any attempt to request it before 2022, even though he knew of its importance at the time of his first PCRA petition in 2014 and 2015, or that he could not have obtained it years earlier if he had sought it, the information that Appellant obtained in 2022 cannot satisfy the PCRA's time-bar exception for newly discovered facts. *Sanchez*, 204 A.3d at 526-27; *Pew*, 189 A.3d at 489-90.

Appellant's remaining claims of government interference and newly discovered facts concern matters that, by Appellant's own admissions, are well outside the one-year period before he filed his 2022 PCRA petition. Appellant asserts that he knew of his after-discovered evidence claim in 2019 and that the alleged government interference with raising that claim ended in 2019 when allegedly withheld trial court records were provided to him. Appellant's Brief at 8. To the extent that Appellant contends that the period that he was in restricted prison housing or alleged false information supplied by the Department of Corrections in connection with his first PCRA petition constituted government interference with his ability to file a PCRA petition,

that alleged interference ceased more than six years before this PCRA petition was filed. The only period that he alleges that his prison housing situation interfered with his ability to file legal papers was in 2013 and the information allegedly supplied in connection with his first PCRA occurred in 2014 or 2015. 2/18/22 PCRA Petition at 3-4 & Exs. A & B. Appellant has not shown that he could not have filed a PCRA petition after the restricted housing ended or that he could not have obtained the information showing that the information supplied by the Department of Corrections was false before 2021.

Because Appellant has not shown that the allegedly newly discovered facts on which he based his 2022 PCRA petition could not have been discovered by the exercise of due diligence before February 18, 2021 or that any alleged government interference with his ability to file a PCRA continued until February 18, 2021, he cannot satisfy the time-bar exceptions of Sections 9545(b)(1)(i) and (ii) of the PCRA. We therefore affirm the trial court's dismissal of Appellant's 2022 PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2023