J-S36012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN COOPER | : | |
| | : | |
| Appellant | : | No. 3029 EDA 2022 |

Appeal from the PCRA Order Entered November 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1100941-2003

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 30, 2023**

Benjamin Cooper appeals from the order denying as untimely his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

By way of background, on April 12, 2005, Appellant was convicted by a jury of, *inter alia*, third-degree murder.  He was sentenced to an aggregate term of thirty-one to sixty-two years of incarceration.  This Court affirmed the judgment of sentence on direct appeal, which became final in 2007 after our High Court denied his petition for allowance of appeal and Appellant did not seek discretionary review before the United States Supreme Court.  ***See Commonwealth v. Cooper***, 911 A.2d 178 (Pa.Super. 2006) (unpublished memorandum), *appeal denied*, 927 A.2d 622 (Pa. 2007).  Since then, Appellant has filed five petitions under the PCRA, all of which were denied or dismissed.

On May 24, 2021, Appellant filed the instant *pro se* petition, his sixth, "consisting of 225 pages including exhibits [and] listing approximately [seventy-one] instances of alleged error."  PCRA Court Opinion, 1/13/23, at 3.  Appellant subsequently filed an amended petition that was also over 200 pages in length and unpaginated.  Therein, Appellant raised "numerous claims of trial court error, bias, and misconduct on the part of virtually everyone involved with the prosecution of this case from pretrial through the several PCRA[ proceedings]."  ***Id***. at 10.  More particularly, the petition alleged violations of **Brady v. Maryland**, 373 U.S. 83 (1963), by the Commonwealth, ineffective assistance of trial counsel, and issues relating to the jury instructions given at trial.

The Commonwealth filed a motion to dismiss the amended petition, asserting its facial untimeliness and Appellant's failure to plead and prove any exception to the PCRA's time-bar.  The PCRA court issued a notice of intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907.  Appellant failed to respond, and the court dismissed the petition.

Appellant filed a timely *pro se* notice of appeal.  The PCRA court provided an opinion pursuant to Pa.R.A.P. 1925(a) without requiring Appellant to file a Rule 1925(b) statement.

In his brief, which spans over 600 pages with the included twenty-two exhibits, Appellant identifies nineteen issues for this Court's consideration.  In

violation of Rule 2119(a),[1] he divides the argument section of his brief into only eight parts. Although the arguments are often difficult to follow and frequently conflate with one another, it appears that some address the timeliness of his petition, whereas the remainder discuss the substance of his claims in the amended PCRA petition.[2]

We address the propriety of the PCRA court's dismissal order as follows: "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up).

Before turning to the merits of Appellant's claims, we must first determine whether his petition was timely, since neither this Court nor the PCRA court has jurisdiction to consider an untimely PCRA petition. ***See***

---

[1] This rule provides in relevant part that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119. Additionally, Appellant violated Rule 2135 when he failed to include a certificate of compliance as to the number of words comprising his principal brief, despite it being over thirty pages in length. ***See*** Pa.R.A.P. 2135. Since Appellant's failure to comply with these rules does not impede our review, however, we decline to find waiver based on these infractions.

[2] We note with significant disappointment that the Commonwealth failed to timely file a brief in this matter, despite requesting, and receiving, four extensions of time in which do so.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, this Court has stated that the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

As discussed above, Appellant's judgment of sentence became final in 2007. There is no dispute that the instant petition was facially untimely. Therefore, Appellant had the burden to plead and prove one of the enumerated

exceptions to the PCRA's time-bar in his amended petition before the PCRA court could consider the merits of any of his claims.

From our review of the amended petition, we find that Appellant unartfully invoked several exceptions to the timeliness requirement, though he did not articulate them as such. From what we can gather, he first contended that two cases, *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020), and *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), bear on the "newly discovered facts" exception. *See* Amended PCRA Petition, 9/10/21, at unnumbered 2-5. Appellant discussed these cases for their holding that courts may not apply to *pro se* prisoners the presumption that information which is of public record cannot be deemed "unknown" for purposes of § 9545(b)(1)(ii). *Id*. Although he did not raise either case in the context of a new constitutional right, he impliedly suggested that these cases apply retroactively to him and should allow him to now raise the same claims he did in his prior petitions that were deemed untimely. *Id*. at unnumbered 4. In conjunction with this claim, Appellant referenced various news articles and unrelated court cases purporting to show corruption and police misconduct by particular officers and detectives involved in his case. *Id*. at unnumbered 8-12.

Additionally, in his petition Appellant arguably invoked the notion that his claims satisfied the governmental interference exception based on alleged *Brady* violations by the Commonwealth, both before and after trial. *Id*. at unnumbered 18-20. Therein, he purported that case files, discovery,

evidence, and transcripts were destroyed by police. *Id*. at unnumbered 18. Appellant also asserted governmental interference because the Commonwealth failed to send him the articles and news reports concerning investigations into police misconduct. *Id*. at 19.

We note that in order to successfully invoke the "newly discovered facts" exception under § 9545(b)(1)(ii), a petitioner must "establish that the facts upon which the claim is based were unknown to him and **could not have been ascertained by the exercise of due diligence**." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (emphasis added). Regarding the governmental interference exception, our High Court has stated in the same vein that "[a]lthough a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, **and the information could not have been obtained earlier with the exercise of due diligence**." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (emphasis added).

In its Rule 1925(a) opinion, the PCRA court thoroughly summarized the law applicable to each of the three exceptions to the PCRA's timeliness requirements, and ultimately concluded that Appellant failed to carry his burden as to any exception. *See* PCRA Court Opinion, 1/13/23, at 6-11. With regard to Appellant's assertion of governmental interference, the court noted that the items alleged to have been destroyed were case files and transcripts from hearings in 2004, and Appellant took no steps to plead and prove that

his failure to raise this claim until now was the result of interference from any particular government official. *Id*. at 6-7. Concerning Appellant's asserted newly discovered facts of purported police corruption, the PCRA court likewise determined that Appellant took no steps in the amended petition to demonstrate that he exercised due diligence in ascertaining this information, such as identifying when he learned of it or his attempts to get the information. *Id*. at 8. Finally, in addressing Appellant's reliance on **Small** and **Burton** as to the public record presumption and *pro se* prisoners, the court determined that neither case created a new constitutional right for defendants, but rather only interpreted the provisions of the PCRA. *Id*. at 9.

Upon review of the certified record and the applicable law, we find that the court's decision to dismiss the amended PCRA petition as untimely is supported by the record and free from legal error. In his petition, Appellant failed to show the exercise of any diligence, let alone due diligence, as to why he could not raise his alleged newly discovered facts or governmental interference claims earlier. He did not indicate when he learned of any of the facts supporting his petition;[3] how he learned of them; how any particular government official interfered with his ability to discover them, other than a bald assertion that the Commonwealth did not "provide" him with news

---

[3] Indeed, Appellant admits this in his brief to this Court. **See** Appellant's brief at 24, (stating that "Appellant does not directly address the timeliness of when he received certain pieces of evidence listed in his petition").

reports years after trial; or otherwise that his filing was made within one year of learning any new facts.

Further, to the extent Appellant relies on the holdings in either **Small** or **Burton** as a new "fact," our High Court has determined that "judicial determinations are not facts." **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011). Likewise, we agree with the PCRA court that neither case has been determined by the Pennsylvania Supreme Court or United States Supreme Court to apply retroactively or grant any new constitutional rights. Rather, they collectively found that a prior presumption applied by Pennsylvania courts no longer applied to *pro se* prisoners.

Moreover, we observe that in his fifth PCRA petition filed in 2018, which we likewise concluded on appeal was untimely, Appellant asserted a nearly identical governmental interference **Brady** claim as that raised herein. **See Commonwealth v. Cooper**, 2018 WL 5918485 at *3 (Pa.Super. 2018) (unpublished memorandum). We rejected that claim due to Appellant's failure to plead the exercise of his due diligence. **Id**. Appellant has not convinced us by his new petition why the result should be any different here.

In short, Appellant's sixth PCRA petition is untimely, and we lack jurisdiction to consider the merits of the arguments raised therein. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023