J-S07030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH SCOTT RANKINEN | : | |
| | : | |
| Appellant | : | No. 1131 MDA 2025 |

Appeal from the PCRA Order Entered July 15, 2025
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000429-2016

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: APRIL 8, 2026**

Appellant, Joseph Scott Rankinen, appeals *pro se* from the July 15, 2025 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A panel of this Court previously summarized the relevant facts and procedural history of this case as follows.

> In May 2011, Appellant raped and sexually assaulted Victim during a 4-H program at the Clinton County Fairgrounds. At the time, Appellant was [16] years old, and Victim was [12] years old. Victim did not report the crimes until 2015, when she realized the gravity of Appellant's actions.
>
> Following trial, a jury convicted Appellant of rape, rape of a child, involuntary deviate sexual intercourse ("IDSI"), indecent assault, and terroristic threats. On September 18, 2017, the court sentenced Appellant to an aggregate [term of 15 to 30] years' imprisonment. This Court affirmed the judgment of sentence on May 31, 2019[. ***See Commonwealth v. Rankinen***, 2019 WL 2323857 *1 (Pa. Super. 2019) (non-precedential decision). Our] Supreme Court [subsequently] denied allowance of appeal on February 19,

2020. [***See Commonwealth v. Rankinen***, 225 A.3d 1099 (Pa. 2020).]

On June 8, 2020, Appellant timely filed a counseled PCRA petition, raising various claims of trial counsel's ineffectiveness. The court conducted an evidentiary hearing on October 13, 2020. Appellant's trial counsel was the only witness presented at the hearing. After supplemental briefing, the court denied PCRA relief on March 5, 2021. [This Court affirmed the PCRA court's order dismissing Appellant's first PCRA petition].

***Commonwealth v. Rankinen***, 2021 WL 5822819 *1 (Pa. Super. 2021) (non-precedential decision).

On May 29, 2025, Appellant filed the underlying PCRA petition, his second. In his petition, Appellant requested relief based upon the alleged ineffective assistance of prior, PCRA counsel. On June 6, 2025, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907, indicating that it planned to dismiss Appellant's PCRA petition without a hearing because Appellant's petition was untimely. Appellant filed a *pro se* response on July 9, 2025. Thereafter, on July 15, 2025, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.[1]

_____

[1] Appellant filed a timely notice of appeal on August 14, 2025. On August 15, 2025, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Hence, Appellant's Rule 1925(b) statement was due on or before September 5, 2025. Appellant's *pro se* Rule 1925(b) statement was timestamped as having been received by the PCRA court on September 9, 2025. The envelope that Appellant used to mail his motion is not included in the certified record. A review of the Rule 1925(b) statement, however, reveals that it was dated September 1, 2025. Pursuant to the "prisoner mailbox rule," we deem Appellant's notice as filed on September 1, 2025. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the

*(Footnote Continued Next Page)*

- 2 -

The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on July 20, 2020, when the time for filing a writ of *certiorari* with the United States Supreme Court expired.[2] *See id.*; *see also* 1 Pa.C.S.A.

_____

"prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in a prison mailbox).

[2] It is well-settled that a PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). In general, a litigant has only 90 days after the Pennsylvania Supreme Court denies allocatur to file a petition for writ of

*(Footnote Continued Next Page)*

§ 1908 (explaining that, whenever the last day of any period of time in which to take action "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). Appellant, however, did not file the current PCRA petition until May 29, 2025, nearly five years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

_____

*certiorari* in the United States Supreme Court. ***See*** U.S. Sup. Ct. R. 13 ("Unless otherwise provided by law, a petition for a writ of *certiorari* to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). On March 19, 2020, however, the United States Supreme Court extended the time for filing a petition for writ of *certiorari* from 90 days to 150 days due to the COVID-19 pandemic. ***See*** U.S. Sup. Ct. Misc. Order 589 (Mar. 19, 2020). Then, on July 19, 2021, the United States Supreme Court continued the extended deadline to file a petition for writ of *certiorari* but only for "order[s] denying discretionary review . . . issued prior to July 19, 2021." ***See*** U.S. Sup. Ct. Misc. Order 594 (Jul. 19, 2021) ("[I]n any case in which the relevant lower court judgment ... was issued prior to July 19, 2021, the deadline to file a petition for a writ of *certiorari* remains extended to 150 days from the date of that judgment or order. In any case in which the relevant lower court judgment ... was issued on or after July 19, 2021, the deadline to file a petition for a writ of *certiorari* is as provided by Rule 13."). Here, our Supreme Court denied Appellant's petition for allowance of appeal on February 19, 2020. Hence, according to U.S. Sup. Ct. Misc. Order 594, Appellant had 150 days, not 90 days, to file a petition for writ of *certiorari* in the United States Supreme Court.

- 4 -

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In his PCRA petition and on appeal, Appellant ostensibly argues that his second PCRA petition is timely as he currently claims that his prior PCRA counsel was ineffective – and, Appellant claims, this subsequent PCRA petition is his first opportunity to raise an allegation that PCRA counsel was ineffective. **See** Appellant's PCRA Petition, 5/29/25, at 4; **see also** Appellant's Reply to PCRA Court's 907 Notice, 7/9/25, at *1 (unpaginated) ("In accordance with common practice and established procedure, [Appellant] could not raise a claim of [i]neffective [a]ssistance of counsel while still being represented by that same counsel."); Appellant's Brief at *1 (unpaginated) (Appellant alleging that prior counsel's ineffective assistance rendered his petition timely "in accordance with [Section 9545(b)(1)(ii)] regarding [n]ewly [d]iscovered [i]nformation").

In **Commonwealth v. Laird**, 331 A.3d 579 (Pa. 2025), the Pennsylvania Supreme Court rejected the argument that Appellant currently raises. **See Laird**, 331 A.3d at 594 ("Laird first argues that the decision in [**Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021)] extends (or must be extended) to include the opportunity to challenge prior PCRA counsel's effectiveness in a serial PCRA petition, even if it is untimely. However, we agree with the Commonwealth that not only did **Bradley** say no such thing, but that the rationale of that decision cannot be extended to circumvent the PCRA's jurisdictional time-bar"). Indeed, our Supreme Court recognized that, in **Bradley**, it "allow[ed] a PCRA petitioner to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." **Id.** at 597, *citing* **Bradley**, 261 A.3d at 401. The **Laird** Court, however, noted that the Supreme Court "considered and rejected the approach suggested by **Bradley** and endorsed by the Pennsylvania Innocence Project [wherein they] argued that, because PCRA appointments typically 'remain in place through [the PCRA] appeal,' only permitting [ineffective assistance of counsel] claims targeting PCRA counsel during the PCRA appeal 'would not be a workable remedy for an indigent prisoner.'" **Laird**, 331 A.3d at 597; *citing* **Bradley**, 261 A.3d at 387. Our Supreme Court declined to adopt the proposal "that petitioners should be permitted to file a serial PCRA petition invoking the PCRA's 'new fact' exception to the one-year time-bar, [thus] construing PCRA counsel's ineffectiveness as a 'new fact' allowing for the filing of a new PCRA

petition [outside the statutory, jurisdictional time constraints of the PCRA]." ***Laird***, 331 A.3d at 597.

Given ***Laird***'s holding, we conclude that Appellant's second PCRA petition is patently untimely and not subject to a timeliness exception, as allegations of ineffectiveness with respect to prior PCRA counsel do not constitute a "new fact" for purposes of the PCRA. Therefore, in this case, Appellant did not plead a valid statutory exception to the PCRA's one-year time-bar. Appellant's petition is thus time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/08/2026